# No. 2017-___

## In the United States Court of Appeals
## For the Federal Circuit

IN RE: TECHTRONIC INDUSTRIES NORTH AMERICA, INC.,
ONE WORLD TECHNOLOGIES INC., OWT INDUSTRIES, INC.,
AND RYOBI TECHNOLOGIES, INC.
*Petitioners.*

On Petition for Writ of Mandamus to the
United States District Court for the Northern District of Illinois
No. 1:16-CV-06097

Hon. Harry D. Leinenweber, Senior United States District Judge

## PETITION FOR WRIT OF MANDAMUS

Jason C. White
Michael J. Abernathy
Sanjay K. Murthy
Nicholas A. Restauri
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Ste. 500
Chicago, IL 60601
(312) 324-1000
(312) 324-1001 (Fax)

William R. Peterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188
(713) 890-5001 (Fax)

Julie S. Goldemberg
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5095
(215) 963-5001 (Fax)

*Counsel for Petitioners Techtronic Industries North America, Inc., One World
Technologies Inc., OWT Industries, Inc., and Ryobi Technologies, Inc.*

**CERTIFICATE OF INTEREST**

Counsel for Petitioners certifies the following:

**1.    The full name of each party represented by me is:**

Techtronic Industries North America, Inc., One World Technologies Inc., OWT Industries, Inc., and Ryobi Technologies, Inc.

**2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of each party represented by me are:**

None

**4.    The name of all law firms and the partners or associates that appeared for each party now represented by me in the trial court or are expected to appear in this Court is:**

MORGAN, LEWIS & BOCKIUS LLP:
    William R. Peterson
    Jason C. White
    Michael J. Abernathy
    Sanjay K. Murthy
    Nicholas A. Restauri
    Jesse T. Dyer
    Julie S. Goldemberg

By: */s/ William R. Peterson*

Dated: July 3, 2017

Jason C. White
Michael J. Abernathy
Sanjay K. Murthy
Nicholas A. Restauri
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Ste. 500
Chicago, IL 60601

William R. Peterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Ste. 4000
Houston, TX 77002

Julie S. Goldemberg
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

# TABLE OF CONTENTS

**Page(s)**

Certificate of Interest ......................................................................i

Statement of Relief Sought ............................................................1

Issue Presented ...............................................................................1

Statement of Jurisdiction...............................................................2

Introduction ....................................................................................3

Facts Necessary to Understand the Issue Presented .................4

Reasons for Granting the Writ ......................................................9

    I.    The District Court Erred in Denying the Motion to Transfer Venue...............................................................................9

        A.    *TC Heartland* applies in this case. ............................9

        B.    Under *TC Heartland*, venue is improper in the Northern District of Illinois. ......................................9

        C.    Petitioners did not waive their venue objections. ....................11

            1.    *TC Heartland* changed the law of patent venue. ...........12

            2.    An intervening change in the law excuses waiver. .......13

    II.    This Court Should Grant Mandamus. ...............................19

        A.    This court should grant mandamus to correct the district court's clear abuse of discretion. ............................20

            1.    The district court clearly abused its discretion in denying the motion. ....................................20

            2.    Petitioners have no adequate remedy on appeal............20

## TABLE OF CONTENTS (CONTINUED)

Page

B.    This Court should grant mandamus to decide this basic
and undecided question, which will recur in future cases. ......23

1.    Mandamus should lie to settle this systemically
important issue, the resolution of which will assist
other jurists, parties, and lawyers. .................................24

2.    Orders concerning patent venue implicate the
jurisprudential responsibilities of this Court in the
field of patent law. .........................................................29

Conclusion .........................................................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
  13 CIV. 981 PGG, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015)....................14

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011)....................................................................................15, 17

*Benoay v. Prudential-Bache Sec., Inc.*,
  805 F.2d 1437 (11th Cir. 1986) ........................................................................16

*Blue Spike LLC v. Toshiba Am. Info. Sys., Inc.*,
  No. 6:17-cv-0053, Dkt. No. 19 (E.D. Tex. June 5, 2017) ..................................25

*Brown v. M&M/Mars*,
  883 F.2d 505 (7th Cir. 1989) .....................................................................12, 13

*Brown v. TrueBlue, Inc.*,
  No. 1:10-CV-0514, 2011 WL 5869773 (M.D. Pa. Nov. 22, 2011)....................15

*Brunette Machine Works, Ltd. v. Kockum Indus., Inc.*,
  406 U.S. 706 (1972)............................................................................................9

*The Chamberlain Grp., Inc. v. Techtronic Indus. Co.*,
  No. 2016-2713, 2017 WL 360561 (Fed. Cir. Jan. 25, 2017)...........................4, 5

*Chevron Oil Co. v. Huson*,
  404 U.S. 97 (1971)..............................................................................................8

*Curtis Pub. Co. v. Butts*,
  388 U.S. 130 (1967)..........................................................................................13

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014)..................................................................................14, 17

*Elbit Sys. Land & C41 Ltd. v. Hughes Network Sys., LLC*,
  No. 2:15 C 37, 2017 WL 2651618 (E.D. Tex. June 20, 2017)..........................26

## TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*Engel v. CBS, Inc.*,
  886 F. Supp. 728 (C.D. Cal. 1995) ............................................................16, 17

*Estrella v. Freedom Fin.*,
  No. 09-03156 SI, 2011 WL 2633643 (N.D. Cal. July 5, 2011) ........................15

*Fisher v. A.G. Becker Paribas Inc.*,
  791 F.2d 691 (9th Cir. 1986) ........................................................................15

*Forshey v. Principi*,
  284 F.3d 1335 (Fed. Cir. 2002) .....................................................................13

*Fourco Glass Co. v. Transmirra Prod. Corp*.,
  353 U.S. 222 (1957)...............................................................................passim

*GenCorp, Inc. v. Olin Corp.*,
  477 F.3d 368 (6th Cir. 2007) .........................................................................17

*Gucci Am., Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014) ..........................................................................14

*Harper v. Virginia Department of Taxation*,
  509 U.S. 86 (1993)..........................................................................................8

*Hawknet, Ltd. v. Overseas Shipping Agencies*,
  590 F.3d 87 (2d Cir. 2009) ............................................................................13

*Hoffman v. Blaski*,
  363 U.S. 335 (1960)......................................................................................21

*Holzsager v. Valley Hospital*,
  646 F.2d 792 (2d Cir. 1981) ..........................................................................12

*Human Sciences HC Ltd. v. FedEx Corp.*,
  No. 1:16-cv-11449, Dkt. No. 48 (N.D. Ill. June 5, 2017) ..................................25

*iLife Techs., Inc. v. Nintendo of Am., Inc*.,
  No. 3-13-cv-04987, Dkt. No. 245 (N.D. Tex. June 27, 2017)............................26

## TABLE OF AUTHORITIES (CONTINUED)

Page(s)

*In re Atl. Pipe Corp.*,
304 F.3d 135 (1st Cir. 2002)..................................................................24

*In re BP Lubricants USA Inc.*,
637 F.3d 1307 (Fed. Cir. 2011) ..................................................18, 24

*In re Calmar, Inc.*,
854 F.2d 461 (Fed. Cir. 1988) ...........................................................18

*In re EMC Corp.*,
677 F.3d 1351 (Fed. Cir. 2012) ........................................................18

*In re Innotron Diagnostics*,
800 F.2d 1077 (Fed. Cir. 1986) ..................................................22, 24

*In re Libor-Based Fin. Instruments Antitrust Litig.*,
2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015).....................................14

*In re LimitNone, LLC*,
551 F.3d 572 (7th Cir. 2008) .............................................................10

*In re Link_A_Media Devices Inc.*,
662 F.3d 1221 (Fed. Cir. 2011) ....................................................1, 18

*In re Princeton Digital Image Corp.*,
496 F. App'x 73 (Fed. Cir. 2012) ....................................................7, 9

*In re Recticel Foam Corp.*,
859 F.2d 1000 (1st Cir. 1988).............................................................24

*In re Sea Ray Boats, Inc.*,
No. 2017-124, 2017 WL 2577399 (Fed. Cir. June 9, 2017)..................12, 21, 22

*In re Sea Ray Boats, Inc.*,
No. 2017-124, Dkt. No. 4 (June 8, 2017) .........................................20

*In re TC Heartland LLC*,
821 F.3d 1338 (Fed. Cir. 2016) ........................................................19

## TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ...............................................................20

*Laguna Constr. Co., Inc. v. Carter*,
  828 F.3d 1364 (Fed. Cir. 2016) .........................................................13

*Miller v. Drexel Burnham Lambert, Inc.*,
  791 F.2d 850 (11th Cir. 1986) ...........................................................16

*Nat'l Right to Work Legal Def. v. Richey*,
  510 F.2d 1239 (D.C. Cir. 1975) .........................................................25

*Noxell v. Firehouse No. 1 Bar-B-Que Restaurant*,
  760 F.2d 312 (D.C. Cir. 1985) ...........................................................21

*Olberding v. Illinois Cent. R.R.*,
  346 U.S. 338 (1953) ...........................................................................20

*Sakalowski v. Metron Services, Inc.*,
  No. 4:10CV02052 AGF, 2011 WL 4007982 (E.D. Mo. Sept. 8,
  2011) ...................................................................................................15

*Schlagenhauf v. Holder*,
  379 U.S. 104 (1964) .....................................................................18, 19

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016) ...............................................11

*Stonite Prod. Co. v. Melvin Lloyd Co.*,
  315 U.S. 561 (1942) ...........................................................................10

*Strauss v. Crédit Lyonnais, S.A.*,
  175 F. Supp. 3d 3 (E.D.N.Y. 2016) ...................................................14

*Symbology Innovations, LLC v. Lego Systems, Inc.*,
  No. 2-17-cv-00086, Dkt. No. 30 (E.D. Va, June 2, 2017)..................25

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) .................................................................passim

**TABLE OF AUTHORITIES (CONTINUED)**

**Page(s)**

*United States v. Horn*,
  29 F.3d 754 (1st Cir. 1994)...............................................................24

*United States v. One 2014 Black Porsche Cayman Coupe*,
  No. CV 15-2036 (JLL), 2015 WL 6408009 (D.N.J. Oct. 20, 2015) .................21

*VE Holding Corp. v. Johnson Gas Appliance Company,*
  917 F.2d at 1574 ..................................................................passim

*Vulcan Equip. Co. v. Century Wrecker Corp.*,
  No. 90-1339, 499 U.S. 962 (1991) ....................................................11

*Westech Aerosol Corp. v. 3M Co.*,
  No. 3-17-cv-05067, Dkt. No. 35 (W.D. Wa. June 21, 2017) ............................25

**STATUTES**

28 U.S.C. § 1391 ...................................................................passim

28 U.S.C. § 1400) ..................................................................passim

28 U.S.C. § 1404 .........................................................................9

28 U.S.C. § 1406.................................................................vi, 9, 10

28 U.S.C. § 1651 .........................................................................1

**OTHER AUTHORITIES**

16 Charles Alan Wright et al.,
  FEDERAL PRACTICE & PROCEDURE § 3934.1 (3d ed. 2007)................................23

Bryan A. Garner et al.,
  *The Law of Judicial Precedent*  (2016).............................................12

*Supervisory and Advisory Mandamus Under the All Writs Act*
  86 HARV. L. REV. 595 (1973).........................................................23

## STATEMENT OF RELIEF SOUGHT

Petitioners seek an order directing the district court to dismiss this case or, alternatively, transfer the case to the District of South Carolina, a district in which this case could have been brought.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## ISSUE PRESENTED

At the time this case was filed, under this Court's interpretation of the patent venue statute, venue was proper in the Northern District of Illinois.  While this case was pending, on May 22, 2017, the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), changed the law of venue in patent cases.  Under *TC Heartland*, venue is improper.

The issue presented is whether Petitioners waived their objections to venue by failing to raise them before the *TC Heartland* decision, when such objections would have been futile under this Court's binding and well-established precedent.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to grant mandamus relief under the All Writs Act, 28 U.S.C. § 1651.  *See, e.g.*, *In re Link_A_Media Devices Inc.,* 662 F.3d 1221 (Fed. Cir. 2011) (granting petition for writ of mandamus and ordering transfer of venue).

## INTRODUCTION

The district court denied Petitioners' motion to transfer venue because it found they "cannot overcome waiver by invoking *TC Heartland*." Appx37. The district court reasoned that "[w]hile *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), typically controlled how lower courts analyzed venue in patent cases prior to *TC Heartland*, 'that does not change the harsh reality that [Defendants] would have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petition in *TC Heartland* did.'" *Id.* (quoting *Elbit Sys. Land & C41 Ltd. v. Hughes Network Sys., LLC*, No. 2:15 C 37, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017)).

The district court's conclusion constitutes a clear abuse of discretion. *TC Heartland* was an intervening change in the law of patent venue, which excuses the failure to assert venue objections previously. In view of *TC Heartland*, venue is no longer proper in the Northern District of Illinois. This Court should grant mandamus to direct the district court to grant the motion to transfer venue.

## FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED

### *Legal Background*

The patent venue statute provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

In *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 226 (1957), the Supreme Court concluded that for purposes of the patent venue statute, a domestic corporation "resides" only in its State of incorporation. But in 1988 Congress amended the general venue statute, 28 U.S.C. § 1391(c), to provide that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Judicial Improvements and Access to Justice Act, § 1013(a), 102 Stat. 4669.

This Court held that this amendment applied to the patent venue statute, so patentees were free to file patent infringement actions anywhere an alleged infringer was subject to personal jurisdiction. *VE Holding Corp.*, 917 F.2d at 1574. Despite numerous challenges, this Court consistently adhered to *VE Holding* for 27 years, resulting in an influx of cases in popular patent districts such as the Eastern District of Texas.

*This Case*

The Chamberlain Group, Inc. ("Chamberlain") filed an action against Techtronic Industries Co. Ltd., Techtronic Industries North America, Inc., One World Technologies Inc., OWT Industries, Inc., and Ryobi Technologies, Inc. in the Northern District of Illinois on June 10, 2016, accusing the defendants of infringing U.S. Pat. Nos. 7,635,966 and 7,224,275, which relate generally to garage door openers.  Appx63-91.

On the same day it filed the complaint, Chamberlain moved for a preliminary injunction, which the district court granted.  Appx123-124.  Petitioners filed an interlocutory appeal, and on January 25, this Court vacated the preliminary injunction.  *The Chamberlain Grp., Inc. v. Techtronic Indus. Co.,* No. 2016-2713, 2017 WL 360561 (Fed. Cir. Jan. 25, 2017).

Trial is set to begin in the district court on August 21, 2017.[1]  Appx128.

*Petitioners' Lack of Connection to the Northern District of Illinois*

Petitioners have no facilities, offices, or employees in the Northern District of Illinois.  Appx96-97.  No Petitioner is incorporated or headquartered in this district.  *Id.*  Nor does any Petitioner manufacture any accused products in the Northern District of Illinois.  *Id.*

---

[1] As of the date of this petition, the parties are still completing expert discovery, and the parties have yet to file pre-trial orders or other trial-related motions.

Three petitioners are domestic entities. Petitioners One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment and OWT Industries, Inc. are incorporated in Delaware and are headquartered in South Carolina. Appx96-97. Petitioner Techtronic Industries North America, Inc. is incorporated in Delaware with a principal office located in Maryland that only houses administrative personnel. *Id.*

Ryobi Technologies Inc. was an entity created in 2000 that was subsequently dissolved and merged into Petitioner One World Technologies, Inc. in 2004. Appx127. Today, Ryobi is a trademark and brand name that is licensed for use by One World Technologies, Inc. under a license agreement. *Id.*

Two defendants are foreign corporations. Petitioner Techtronic Industries Co. Ltd., a limited liability company based in Hong Kong, is not involved in the conception, design, development, manufacture, importation, marketing, or sale of the accused products. Appx127. Techtronic Industries Co. Ltd. has filed a motion to dismiss for lack of personal jurisdiction, which is pending before the district court. Appx129-144.

Defendant ET Technology (Wuxi) Co. Ltd. is a foreign corporation allegedly based in China. Appx97. ET Technology (Wuxi) Co. Ltd. has never been served and is not participating in the district court litigation or in this petition for writ of mandamus.

### *The Supreme Court Changes the Law of Patent Venue*

At the time suit was filed in 2016, *VE Holding* foreclosed any challenge to venue, as the sole accused product at the time of the complaint—the Ryobi Ultra-Quiet Garage Door Opener, Model No. GD200—is distributed and sold in the Northern District of Illinois.[2]  Appx97-99.

On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*, 137 S. Ct. at 1516, overruling *VE Holding* and holding that the amendments to Section 1391(c) did not modify the meaning of Section 1400(b), as interpreted by *Fourco*.

In light of *TC Heartland*—which fundamentally changed the law of venue of patent cases—on June 19, Petitioners moved to transfer this case to the District of South Carolina, a proper venue where One World Technologies, Inc. and OWT Industries Inc. maintain regular and established places of business and have allegedly committed acts of infringement.   *See* 28 U.S.C. § 1400(b); Appx145-159.  Petitioner Techtronic Industries North America, Inc. consents to venue in the District of South Carolina.

For the foreign defendants—who are not actively participating in the district court litigation—venue is proper in the District of South Carolina because "a

---

[2] Chamberlain also now accuses the redesigned model GD200A garage door opener.

patent infringement suit c[an] be brought against a foreign defendant in any district court." *In re Princeton Digital Image Corp*., 496 F. App'x 73, 75 (Fed. Cir. 2012) (citing *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972)).

Three days after Petitioners moved to transfer venue, without requesting or receiving any response by Chamberlain, the district court orally denied the motion. *See* Appx166.  On June 28, the district court entered its order, finding that by failing to object to venue previously, Petitioners had waived any venue objections. Appx37.

The district court rejected Petitioners' argument that *TC Heartland* excused the waiver by "finding that *TC Heartland* did not represent a change in the law." Appx38.  According to the district court, any party could have successfully convinced the Supreme Court to overrule *VE Holding*:

> While *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), typically controlled how lower courts analyzed venue in patent cases prior to *TC Heartland*, "that does not change the harsh reality that [Defendants] would have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petition in *TC Heartland* did."

*Id.* (quoting *Elbit*, 2017 WL 2651618, at *20).

The district court anticipated that a petition for writ of mandamus would follow.  *See* Appx166 ("I'm going to deny the motion to transfer venue and you have now time to go to the Federal Circuit and see if you can mandamus me back.

8

And you don't irritate me by doing that[.]").  Petitioners now file this petition for writ of mandamus.

## REASONS FOR GRANTING THE WRIT

## I.    The District Court Erred in Denying the Motion to Transfer Venue.

### A.    *TC Heartland* applies in this case.

The Supreme Court's decision in *TC Heartland* applies to pending cases still open on direct review:

> When [the] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule.

*Harper v. Virginia Department of Taxation*, 509 U.S. 86, 97 (1993).[3]

### B.    Under *TC Heartland*, venue is improper in the Northern District of Illinois.

In *TC Heartland*, the Supreme Court held that a domestic corporation "resides" only in its State of incorporation for purposes of the patent venue statute. The Northern District of Illinois is not an appropriate venue for this action under the first clause of Section 1400(b) ("where the defendant resides").

---

[3] *Harper* overruled an earlier Supreme Court decision regarding retroactivity in civil cases, *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106-07 (1971).

None of the domestic defendants—One World Technologies, Inc., OWT Industries Inc., and Techtronic Industries North America, Inc.—resides in the Northern District of Illinois.  All three are incorporated in Delaware.

The foreign defendants—Techtronic Industries Co. Ltd. and ET Technology (Wuxi) Co. Ltd.—can be sued in any judicial district, but the joinder of a foreign defendant "shall be disregarded in determining where the action may be brought with respect to other defendants."  28 U.S.C. § 1391(c)(3); *see also Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972) (holding that the predecessor statute to Section 1393(c)(3) applies to patent venue).[4]

Venue is improper because none of the domestic defendants (1) "resides" in the district under the first clause of Section 1400(b) in view of *TC Heartland*, or

---

[4] The district court expressed concern that "there is a significant chance that granting the Motion to Transfer would eventuate trials on identical issues in two different Districts against two sets of defendants."  Appx39.  Not only is this concern irrelevant to the venue analysis under 28 U.S.C. § 1391(c)(3), but it is also unfounded.  For the foreign defendants—who are not actively participating in the district court litigation—venue is proper both in the Northern District of Illinois and in the District of South Carolina because "a patent infringement suit c[an] be brought against a foreign defendant in any district court."  *Princeton Digital Image Corp.*, 496 F. App'x at 75 (citing *Brunette Machine Works*, 406 U.S. at 714).  If this case is dismissed due to improper venue, Chamberlain will be free to re-file against all defendants in South Carolina.  And if instead Petitioners' motion to transfer under § 1406(a) is granted, the district court can transfer the entire case to South Carolina.   *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

(2) has a regular and established place of business under the second clause of Section 1400(b). Because venue is improper as to the domestic defendants, suit cannot be maintained in the Northern District of Illinois. *See Stonite Prod. Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942) (holding that a patent infringement suit could not be maintained against a defendant over which venue was improper in the district even though the suit was brought jointly against a defendant over which venue was proper).

Because venue is improper, the district court was required to dismiss this case or, alternatively, transfer it to a district in which venue would have been proper, such as the District of South Carolina. 28 U.S.C. § 1406(a); *see also In re LimitNone, LLC*, 551 F.3d 572, 576 n.2 (7th Cir. 2008) (noting the "mandatory language" of Section 1406(a)).[5]

### C.    Petitioners did not waive their venue objections.

Although Petitioners did not raise these venue objections before their answer, Petitioners have not waived their objections to venue because *TC Heartland* constituted an intervening change in the law of patent venue, and Petitioners raised the objection expeditiously after the decision.

---

[5] Since transfer or dismissal is mandatory, the district court's analysis of judicial economy on page 4 of its opinion is irrelevant. *See* Appx39. Further, the district court fails to consider that trying a case in an improper venue would impede judicial economy. *See* Section II.A.2, *infra*.

### 1.    *TC Heartland* **changed the law of patent venue.**

Petitioners did not previously challenge venue because *VE Holding* foreclosed the challenge.  During the 27 years following the *VE Holding* decision, many parties challenged the decision in district courts, at this Court, and even at the Supreme Court.  All were unsuccessful.  *See, e.g.*, *Vulcan Equip. Co. v. Century Wrecker Corp.*, No. 90-1339, 499 U.S. 962 (1991) (denying petition for writ of certiorari);[6] *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (Bryson, J., sitting by designation) (rejecting argument challenging *VE Holding*).

Before *TC Heartland*, the law was settled, and it was clear.  Any challenge to venue relying on *Fourco* would have been both contrary to the governing law and futile.  Predictably, the defendant in *TC Heartland* lost its venue challenge both at the district court and at this Court.  *See TC Heartland*, 137 S. Ct. at 1517 ("Relying on Circuit precedent, the District Court rejected [the defendant's] arguments, and the Federal Circuit denied a petition for a writ of mandamus.") (internal citations omitted).

When a Supreme Court decision makes available a defense that established circuit precedent foreclosed, there has been an intervening change in the law.  The

---

[6] Given the denial of certiorari on the issue, the district court's conclusion that any defendant that challenged *VE Holding* "would have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*" is demonstrably false.  Appx38.

rationale for the Supreme Court's decision—whether the Supreme Court concludes that an earlier decision failed to follow an earlier decision or addresses an issue for the first time—is irrelevant.  Here, "[t]here is little doubt that the Court's decision in *TC Heartland* was a change in the law of venue."  *In re Sea Ray Boats, Inc.,* No. 2017-124, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (Newman, J., dissenting) (internal citation omitted).

Put simply, before *TC Heartland*, if a district court had disregarded this Court's decision in *VE Holding* and followed *Fourco*, it would have erred and been reversed by this Court.  *E.g.*, Bryan A. Garner et al., *The Law of Judicial Precedent* 27-34 (2016) (discussing the role of vertical precedent).  *TC Heartland* changed the law of patent venue.[7]

### 2.    An intervening change in the law excuses waiver.

This intervening change in the law excuses any failure by Petitioners to raise venue objections earlier.    A general exception to waiver exists where an intervening Supreme Court case changes the law.  *Brown v. M&M/Mars*, 883 F.2d 505, 512-23 (7th Cir. 1989); *see also Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981) ("[A] party cannot be deemed to have waived objections or

---

[7] The district court correctly notes that Petitioners failed to challenge venue in a pleading "nearly two months after oral argument in *TC Heartland* and just four days before the Supreme Court rendered its decision."  Appx37.  This fact is irrelevant and in no way supports a waiver finding.  Prior to the Supreme Court's decision in *TC Heartland*, district courts were bound to follow *VE Holding*.

defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent.").

This exception follows from the definition of waiver: "an intentional relinquishment or abandonment of a known right." *Laguna Constr. Co., Inc. v. Carter*, 828 F.3d 1364, 1372 (Fed. Cir. 2016). An argument foreclosed by circuit precedent is not a "known right." *See Curtis Pub. Co. v. Butts*, 388 U.S. 130, 145 (1967) (plurality op.) ("We would not hold that Curtis waived a 'known right' before it was aware of the *New York Times* decision. It is agreed that Curtis' presentation of the constitutional issue after our decision in *New York Times* was prompt.").

Federal courts of appeals apply this principle to permit parties to raise arguments based on intervening changes in the law that would ordinarily have been waived because they were not presented before the trial court. *E.g.*, *Forshey v. Principi*, 284 F.3d 1335, 1356 (Fed. Cir. 2002) ("[D]ecision of an issue not decided or raised below is permitted when there is a change in the jurisprudence of the reviewing court or the Supreme Court after consideration of the case by the lower court."); *Brown*, 883 F.2d at 513 ("Given the clear law in this circuit at the time of trial, it would have been pointless to submit a different instruction."); *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009)

14

("Because our holding in *Shipping Corp. of India* overruled that precedent—which had governed this area of law and commerce for seven years—it provided defendant with a new objection to the District Court's jurisdiction over it, and we conclude that defendant did not waive this objection by failing to raise it before the District Court.").

### a. Courts have applied this rule when the Supreme Court changed the law of personal jurisdiction.

Like objections to venue, parties may forfeit objections to personal jurisdiction. But after the Supreme Court narrowed personal jurisdiction in *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014), the Second Circuit concluded that this change in the law excused the forfeiture of the objection. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 136 (2d Cir. 2014) (holding that a Bank had not waived its objection to personal jurisdiction because "under prior controlling precedent of this Circuit, the Bank was subject to general jurisdiction"). District courts followed this ruling, holding that parties did not waive personal jurisdiction defenses that were asserted promptly after *Daimler*.[8]

---

[8] *See Strauss v. Crédit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 14 (E.D.N.Y. 2016) (holding that a party "did not waive that [personal jurisdiction] defense, having asserted it promptly after *Daimler* first made it available"); *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, 13 CIV. 981 PGG, 2015 WL 1514539, at *7 (S.D.N.Y. Mar. 31, 2015) (finding no waiver because *Daimler* "provid[ed] defendants . . . with a personal jurisdiction defense that was previously unavailable to them"); *In re Libor-Based Fin. Instruments Antitrust Litig.*, 2015 WL 4634541, at *31

**b.    Courts have applied this rule when the Supreme Court changed the law of arbitration.**

Similarly, after the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011), courts concluded that the change in the law excused otherwise untimely motions to compel arbitration.   *See, e.g.*, *Brown v. TrueBlue, Inc.*, No. 1:10-CV-0514, 2011 WL 5869773, at *7 (M.D. Pa. Nov. 22, 2011) ("Defendants' delay is excused by an intervening change in law, and their having filed the motion to compel arbitration approximately six weeks after *Concepcion* weighs against a finding of prejudice."); *Sakalowski v. Metron Services, Inc.*, No. 4:10CV02052 AGF, 2011 WL 4007982, at *3 (E.D. Mo. Sept. 8, 2011) ("[T]he motion to compel arbitration was not untimely, in light of the change in law."); *Estrella v. Freedom Fin.*, No. 09-03156 SI, 2011 WL 2633643, at *5 (N.D. Cal. July 5, 2011) (finding no waiver because "prior to the Supreme Court's decision in *Concepcion*, it would have been futile for the defendants to file a motion to compel arbitration").

An earlier arbitration decision had the same effect.   *See, e.g.*, *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986) ("[T]he fact that Becker did

---

(S.D.N.Y. Aug. 4, 2015) ("We have no doubt that defendants' decision to refrain from challenging personal jurisdiction in the prior *Schwab* cases was informed at least in part by no-longer-valid precedents . . . .   The change in the law of general personal jurisdiction means that it is not unfair to afford the Schwab defendants an opportunity to oppose jurisdiction.").

not file its motion to compel arbitration until the Supreme Court's decision in *Byrd* was not inconsistent with the agreement to arbitrate disputes arising out of its contract with the Fishers."); *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986) ("[U]ntil the Supreme Court handed down its decision in *Byrd*, Bache and Stark could not have obtained an order compelling arbitration[.]").  The Eleventh Circuit summarized the rule succinctly: "This circuit does not require a litigant to engage in futile gestures merely to avoid a claim of waiver."  *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986).

### c.    This principle applies to changes in the law of venue.

This principle applies equally to venue.  In *Engel v. CBS, Inc.*, 886 F. Supp. 728, 729 (C.D. Cal. 1995), venue was proper under the statute in effect when the complaint was filed, so the defendants did not contest it.  *Id.*  The case was still pending in 1992 when Congress amended 28 U.S.C. § 1391(a).  *Id.*  The defendants moved to transfer the case in view of the amendment.  *Id.*  Just like Chamberlain, the plaintiff argued the defendants had waived their right by failing to challenge venue earlier.  *Id.*; Appx161-162.  The *Engel* Court disagreed, finding "[d]efendants cannot be faulted for not having raised a defense that they did not know was available to them."  886 F. Supp. at 730.

Just as in *Engel*, Petitioners cannot be expected to have had the "clairvoyance" to challenge venue in 2016 based on a hunch that the law might change the following year, when such a challenge would have been baseless under this Court's binding precedent. *Id.* (citing *Holzsager*, 646 F.2d at 796). "The intervening-change-in-law exception to our normal waiver rules . . . exists to protect those who, despite due diligence, fail to prophesy a reversal of established adverse precedent." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 374 (6th Cir. 2007).

The district court explicitly declined to follow *Engel*, noting *Engel* involved an intervening change in statute while this case involves an intervening change in a statute's interpretation. Appx38. But this is a distinction without a difference, and, as discussed above, courts have not limited the intervening-change-in-the-law principle to changes in statutes. Just like the decision in *TC Heartland*, the Supreme Court's decisions in *Daimler* and *Concepcion* overruled circuit precedent, making rights available that were previously unavailable. Courts properly recognized these decisions as intervening changes in the law that excused waiver. The district court's limitation of this doctrine to statutory amendments is unfounded.

Petitioners were not required to take the futile act of asking a district court to disregard *VE Holding*, and there can be no dispute that Petitioners acted promptly

18

after the *TC Heartland* decision. By overruling *VE Holding*, a 27-year old precedent, the Supreme Court changed the law of venue in patent cases. This change in the law excuses any waiver by Petitioners.

## II.    This Court Should Grant Mandamus.

Mandamus ordinarily issues to correct a "clear abuse of discretion or usurpation of judicial power" by a trial court. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). Exercising jurisdiction when venue is barred by statute is a species of "usurpation of judicial power." *See, e.g.*, *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012) (mandamus available to review "patently erroneous" denial of transfer of venue); *In re Link_A_Media Devices Corp.*, 662 F. 3d 1221, 1222-23 (Fed. Cir. 2011) (same). Under this standard, mandamus should issue to prevent trial in an improper venue.

Mandamus is also available as part of this Court's supervisory authority over the lower courts. The Supreme Court has "approved the use of mandamus to decide a 'basic and undecided' question.'" *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1313 (Fed. Cir. 2011) (discussing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)). Exercising such discretion is appropriate when the issue will recur, when "trial courts have been in considerable disagreement," and when an immediate decision is "important to 'proper judicial administration[.]'" *Id.* (quoting *LaBuy v. Howes Leather Co.*, 352 U.S. 249, 259-260 (1957) (alteration in original)).

19

The question whether *TC Heartland*'s change in the law of patent venue excuses waiver, an issue pending in district courts across the country, is a paradigmatic example of a question that warrants mandamus based on this Court's supervisory authority. Rather than waiting for an appeal of a final judgment, this Court should decide the issue now "so as to avoid piecemeal litigation and to settle [this] new and important proble[m]." *Schlagenhauf*, 379 U.S. at 111.

### A. This court should grant mandamus to correct the district court's clear abuse of discretion.

#### 1. The district court clearly abused its discretion in denying the motion.

For reasons discussed above, the district court committed a clear abuse of discretion in denying the motion. The merits are unquestionable: *TC Heartland* changed the law of patent venue; under *TC Heartland*, venue is improper in the Northern District of Illinois; and Petitioners have not waived their venue objections.

#### 2. Petitioners have no adequate remedy on appeal.

Under the traditional standard, this Court should grant mandamus because Petitioners have no adequate remedy on appeal.

Petitioners are in precisely the same position as the petitioner in *TC Heartland*: absent mandamus, trial will occur in an improper venue. Critically, in *TC Heartland*, neither this Court nor the Supreme Court suggested that mandamus was unavailable. Both courts addressed venue on the merits. *See In re TC*

*Heartland LLC*, 821 F.3d 1338, 1341 (Fed. Cir. 2016) (concluding "that a writ of mandamus is not warranted" because "[t]he arguments raised regarding venue have been firmly resolved by *VE Holding*"); *TC Heartland*, 137 S. Ct. at 1518 (reversing based on an analysis of the merits).

If Petitioners cannot receive mandamus relief to avoid trial in an improper venue, then mandamus relief should not have been available to TC Heartland, and neither this Court nor the Supreme Court had any reason to address the merits. This Court has not entered any order in *TC Heartland* on remand, but a suggestion that the Supreme Court issued an advisory opinion should, at a minimum, be viewed with skepticism.

Both in *TC Heartland* and in this case, mandamus is proper to prevent trial in an improper venue. Such a trial would constitute an extraordinary waste, both of judicial resources and of the parties' resources. If trial proceeds in the Northern District of Illinois, any judgment will necessarily be vacated on appeal. *E.g.*, *Olberding v. Illinois Cent. R.R.*, 346 U.S. 338, 340 (1953) (reversing judgment in an improper venue and remanding for trial in a proper venue). Moreover, "the harm—inconvenience to witnesses, parties and other—will already have been done by the time the case is tried and appealed, and the prejudice suffered cannot be put back in the bottle." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008); *see also In re Sea Ray Boats, Inc.*, No. 2017-124, Dkt. No. 4 (June 8, 2017)

(Newman, J., dissenting) ("Resolution of the forum is appropriate before the expenditure of the major resources of a two-week jury trial."). This Court should grant mandamus to "avoid the delays and expense of a futile trial." *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960).

Permitting trial in an improper venue would defeat the purpose of the venue statutes, which exist to protect a defendant against inconvenient trials, not against improper judgments. The D.C. Circuit has explained that "[v]enue limitations generally are added by Congress to insure a defendant a fair location for trial and to protect him from inconvenient litigation." *Noxell v. Firehouse No. 1 Bar-B-Que Restaurant*, 760 F.2d 312 (D.C. Cir. 1985). "[I]t is at trial that the purposes and policy of proper venue become dominant." *In re Sea Ray Boats, Inc.*, 2017 WL 2577399, at *2 (Newman, J., dissenting); *see also United States v. One 2014 Black Porsche Cayman Coupe*, No. CV 15-2036 (JLL), 2015 WL 6408009, at *3 (D.N.J. Oct. 20, 2015) ("The underlying purpose of venue [is] to protect defendants from inconvenient trials[.]"). If a defendant must endure trial before its right to a proper venue can be vindicated, then the venue laws cannot serve the purpose of preventing inconvenient litigation.

Petitioners stand in the same shoes as the defendant in *TC Heartland*. Mandamus should issue to correct the district court's clear abuse of discretion and prevent trial in an improper venue.

**B.    This Court should grant mandamus to decide this basic and undecided question, which will recur in future cases.**

Although Petitioners should receive mandamus under traditional principles, this petition also presents an occasion for this Court to employ the writ for the purpose of supervising district courts. *See In re Innotron Diagnostics*, 800 F.2d 1077, 1081 (Fed. Cir. 1986) ("[T]he regional courts of appeals have increasingly employed the writ in implementing their supervision of district courts.").

Whether and how *TC Heartland* will apply to pending cases is an important issue, which will repeatedly recur until resolved by this Court. Resolving such systemically important issues is precisely why "advisory mandamus" exists.

Notably, although a motions panel of this Court recently denied a mandamus petition presenting the same issue, the order did not grapple with the concept of advisory mandamus. *See In re Sea Ray Boats, Inc.*, 2017 WL 2577399, at *1 (stating that mandamus is available only in cases of "clear abuse of discretion or usurpation of judicial power") (quoting *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988)). Judge Newman's dissent acknowledged the "important question" posed by the issue: "The issue of proper forum following the return to *Fourco* requires our resolution." *Id.* (Newman, J., dissenting).

The non-precedential denial of the *Sea Ray Boats* mandamus petition is not binding on this motions panel. Moreover, when the *Sea Ray Boats* petition was filed, trial was set to begin the next business day. To consider the petition, this

Court would have had to issue an emergency stay of the trial. In this case, trial is seven weeks away, so the Court has sufficient time to consider this issue without disrupting the district court's schedule.

> 1. **Mandamus should lie to settle this systemically important issue, the resolution of which will assist other jurists, parties, and lawyers.**

Courts properly employ the writ of mandamus to resolve an unsettled and systemically important issue. *See* Note, *Supervisory and Advisory Mandamus Under the All Writs Act*, 86 HARV. L. REV. 595, 618 (1973). Wright & Miller describes this distinct form of mandamus:

> Writ review that responds to occasional special needs provides a valuable *ad hoc* relief valve for the pressures that are imperfectly contained by the statutes permitting appeals from final judgments and interlocutory orders. . . . [T]he important concern is that the courts of appeals have a power to respond to special needs for review that is not subject to initial control by the trial court. . . .
>
> Writs issued in response to this as-if-appellate need are at times referred to as "supervisory" or "advisory" mandamus. . . . The *La Buy* decision rested on an established and repeated practice of the district court, which was claimed to violate the formal rules of procedure. The *Schlagenhauf* decision, on the other hand, rested on the very novelty of an issue that apparently had not been presented previously to any court. This difference can be recognized by referring to the correction of established bad habits as an exercise of "supervisory" authority, while review of novel and important questions calls for exercise of an "advisory" authority.

16 Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 3934.1 (3d ed. 2007).

This Court recognized the practice of advisory mandamus in *Innotron*. *See* 800 F.2d at 1081. And in *BP Lubricants*, this Court granted this form of mandamus based on "exceptional circumstances," including:

- the existence of a "basic and undecided question;"

- that "trial courts have been in considerable disagreement . . . , resulting in inconsistent results across the country;" and

- that deciding the matter immediately "present[ed] an issue important to proper judicial administration."

637 F.3d at 1313 (internal quotation marks omitted).

The regional courts of appeals, particularly the First Circuit, have elaborated on circumstances that warrant advisory mandamus: "It is appropriate when the issue presented is novel, of great public importance, and likely to recur." *United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994); *see also In re Atl. Pipe Corp.*, 304 F.3d 135, 140 (1st Cir. 2002) (appropriate to decide "a systemically important issue as to which this court has not yet spoken"); *In re Recticel Foam Corp.*, 859 F.2d 1000, 1006 (1st Cir. 1988) ("to resolve issues which are both novel and of great public importance.").

The D.C. Circuit has explained that cases authorize advisory mandamus "where the decision will serve to clarify a question that is likely to confront a number of lower court judges in a number of suits before appellate review is possible, as, for example, where the district judges are in error, doubt, or conflict

on the meaning of a rule of procedure." *Nat'l Right to Work Legal Def. v. Richey*, 510 F.2d 1239, 1243 (D.C. Cir. 1975).

This petition fits perfectly within this paradigm. The issue presented— whether *TC Heartland* constitutes an intervening change in the law that excuses the waiver of venue objections in pending cases—is a basic and undecided question, which has already confronted a number of lower court judges. District courts across the country are currently grappling with the application of *TC Heartland* to pending cases. *See, e.g.*, *Blue Spike LLC v. Toshiba Am. Info. Sys., Inc.*, No. 6:17-cv-0053, Dkt. No. 19 (E.D. Tex. June 5, 2017) (setting a hearing for July 10, 2017 where "the parties shall be prepared to discuss the effect, if any, of *TC Heartland* on Toshiba's Motion); *Human Sciences HC Ltd. v. FedEx Corp.*, No. 1:16-cv-11449, Dkt. No. 48 (N.D. Ill. June 5, 2017) ("Plaintiff is directed promptly to advise the court of the impact of the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands, LLC*¸ on Defendant's motion to transfer venue in this case"); *Symbology Innovations, LLC v. Lego Systems, Inc.*, No. 2-17-cv-00086, Dkt. No. 30 (E.D. Va, June 2, 2017) (ordering that counsel "shall brief the venue issues before the Court comprehensively" in light of the Supreme Court's recent ruling in *TC Heartland*). Courts are already split on how to handle this issue. *Compare Westech Aerosol Corp. v. 3M Co.*, No. 3-17-cv-05067, Dkt. No. 35 (W.D. Wa. June 21, 2017) ("Defendants could not have

reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions.") *with Elbit*, 2017 WL 2651618, at *20 (finding waiver and denying Defendants' motion to transfer in view of *TC Heartland*); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3-13-cv-04987, Dkt. No. 245 (N.D. Tex. June 27, 2017) (same).  A recent Law360 article, entitled "Did *TC Heartland* Change Law? Judges Can't Seem To Agree" summarizes the murky state of the law and quotes a practitioner who predicts "[w]e will continue to see a lot of cases and few more divergent opinions before the courts hopefully coalesce."  Appx171-172.

This procedural question is important to proper judicial administration.  If a trial occurs in an improper venue, then the judgment must be reversed and a new trial ordered.  *Olberding*, 346 U.S. at 340

Thousands of patent cases are pending in the district courts.  *See* Federal Judicial Caseload Statistics, Table C-2 (March 31, 2016), *available at* http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c2_0331.2016.pdf (noting the filing of 5,507 patent cases in 2016 and 5,452 cases in 2015).  If *TC Heartland* affects the propriety of venue in even a small percentage, then hundreds of cases will present this issue.

The decision in *Sea Ray Boats* will likely be the first opportunity for this Court to address the issue in an appeal from a final judgment.  After this Court

27

denied the *Sea Ray Boats* petition for writ of mandamus, trial took place and judgment was entered on June 23. Even if the district court denies post-judgment motions within one week, a notice of appeal would not be filed until early September. Statistics suggest that this Court would not decide the issue until, at the earliest, October 2018. *See* United States Court of Appeals for the Federal Circuit, Median Disposition Time for Cases Terminated After Hearing or Submission (noting a median disposition time of 13 months from docketing for cases from district courts), *available at* http://www.cafc.uscourts.gov/the-court/statistics.

In similar circumstances, the Fifth Circuit explained the need for advisory mandamus to avoid "a drain on judicial manpower":

> The issues presented are basic, they concern the extent of a district court's power under a newly adopted rule of procedure, and they have not been passed on by this court. . . . District courts within the circuit are in conflict over the questions raised in this case, . . . and the exercise of our 'expository and supervisory functions' will limit further disparity. The trial of the present case and similar cases would be lengthy and expensive, causing a heavy burden on the litigants and a drain on judicial manpower.

*United States v. Hughes*, 413 F.2d 1244, 1248-49 (5th Cir. 1969), *vacated as moot sub nom. United States v. Gifford-Hill-Am., Inc.*, 397 U.S. 93 (1970).

Waiting until an appeal of a final judgment to decide the issue—permitting uncertainty among judges and litigations to persist for at least 15 months—could require numerous new trials and threaten the orderly administration of justice in

the district courts. There has been and will undoubtedly be "significant repetition [of this issue in the district courts] prior to effective review [by this Court]." *Nat'l Right to Work Legal Def.*, 510 F.2d at 1244. Uncertainty about a basic question of procedure cries out for resolution by this Court. The district courts need guidance now. Resolution should come immediately, by writ of mandamus, rather than waiting for an appeal from a final judgment.

### 2. Orders concerning patent venue implicate the jurisprudential responsibilities of this Court in the field of patent law.

Granting this petition for writ of mandamus is consistent with the limits that this Court has recognized on its supervisory authority. In *Innotron*, this Court indicated that it would limit its exercise of the supervisory writ of mandamus to circumstances "in which the patent jurisprudence of this court plays a significant role." 800 F.2d at 1083-84 ("[T]he 'proper circumstances' warranting entertainment by this court of petitions for writs to a district court in a patent case are those, and only those, in which the patent jurisprudence of this court plays a significant role.").

This Court has explained that *Innotron* articulated only a "discretionary exception" to issuing the writ and "does not, of course, imply that we lack authority to issue the writ." *In re Princo Corp.*, 478 F.3d 1345, 1352 (Fed. Cir. 2007).

*Innotron* does not weigh against mandamus in these circumstances. The issue of patent venue—and the effect of *TC Heartland*'s intervening change in the law of patent venue—is "directly related to the conduct of . . . patent infringement proceeding[s]." *Id.* at 1353. The order challenged by this petition thus "implicat[es] the jurisprudential responsibilities of this court in the field of patent law." *Innotron*, 800 F.2d at 1084. *Innotron* is no barrier to mandamus.

The application of *TC Heartland* to pending cases must eventually be decided by this Court. It should be decided now, on mandamus, rather than letting uncertainty persist while this Court awaits an appeal from a final judgment.

## CONCLUSION

For the foregoing reasons, this Court should grant this petition for writ of mandamus, directing the district court to transfer this case to the District of South Carolina or, alternatively, to dismiss the case.

Dated:  July 3, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ William R. Peterson*

Jason C. White
Michael J. Abernathy
Sanjay K. Murthy
Nicholas A. Restauri
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Ste. 500
Chicago, IL 60601
(312) 324-1000
(312) 324-1001 (Fax)

William R. Peterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188
(713) 890-5001 (Fax)

Julie S. Goldemberg
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5095
(215) 963-5001 (Fax)

*Counsel for Petitioners, Techtronic Industries North America, Inc.,*
*One World Technologies Inc., OWT Industries, Inc.,*
*and Ryobi Technologies, Inc.*

**CERTIFICATE OF COMPLIANCE WITH RULE 21(D)(1)**

This brief complies with the type-volume limitations of Fed. R. App. P. 21(d)(1) because this brief contains 6,851 words.

This brief complies with the requirements of Fed. R. App. P. 32(c)(2). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point font.

By: */s/ William R. Peterson*

Dated: July 3, 2017

Jason C. White
Michael J. Abernathy
Sanjay K. Murthy
Nicholas A. Restauri
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Ste. 500
Chicago, IL 60601
(312) 324-1000
(312) 324-1001 (Fax)

William R. Peterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188
(713) 890-5001 (Fax)

Julie S. Goldemberg
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5095
(215) 963-5001 (Fax)

### PROOF OF SERVICE

I hereby certify that on July 3, 2017, I electronically transmitted this Petition for Writ of Mandamus. I further certify that the following counsel of record for Respondents are being served with a copy of this motion by FedEx and electronic means as indicated below:

*Via Email*
Maria Elena Stiteler
stiteler@fr.com
FISH & RICHARDSON P.C.
60 S. Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

*Via FedEx and Email*
Katherine Vidal
KVidal@winston.com
Michael Rueckheim
MRueckheim@winston.com
Matthew McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650)-858-6500
Facsimile: (650) 858-6550

*Via Email*
Nicole L. Little
nlittle@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Via Email*
Benjamin C. Elacqua
elacqua@fr.com
FISH & RICHARDSON PC
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

I further certify that this Petition for Writ of Mandamus is being electronically sent and served via hand delivery to the courtroom deputy to:

The Honorable Harry D. Leinenweber
Everett McKinley Dirksen United States Courthouse
Chambers 1946
219 S. Dearborn St.
Chicago, IL 60604

*/s/ William R. Peterson*
William R. Peterson