No. 17-125

# In the United States Court of Appeals for the Federal Circuit

_____

IN RE: TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., OWT INDUSTRIES, INC., RYOBI TECHNOLOGIES, INC.

PETITIONERS

_____

ON PETITION FOR A WRIT OF MANDAMUS TO THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, NO. 1:16-CV-06097
HON. HARRY D. LEINENWEBER, PRESIDING

_____

## RESPONDENT THE CHAMBERLAIN GROUP INC.'S BRIEF IN OPPOSITION TO PETITION FOR WRIT OF MANDAMUS

_____

STEFFEN N. JOHNSON
*Winston & Strawn LLP*
*1700 K Street, N.W.*
*Washington, DC 20006*
*(202) 282-5000*
*sjohnson@winston.com*

BENJAMIN C. ELACQUA
*Fish & Richardson, P.C.*
*1221 McKinney Street*
*Suite 2800*
*Houston, TX 77010*
*(713) 654-5300*
*elacqua@fr.com*

KATHERINE VIDAL
MICHAEL R. RUECKHEIM
*Winston & Strawn LLP*
*275 Middlefield Road*
*Suite 205*
*Menlo Park, CA 94025*
*(650) 858-6500*
*kvidal@winston.com*
*mrueckheim@winston.com*

*Counsel for Respondent The Chamberlain Group, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellee certifies the following:

**1.     The full name of each party represented by me is:**

The Chamberlain Group, Inc. ("CGI")

**2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

The Chamberlain Group, Inc.

**3.     Parent corporations and any publicly held companies that own 10% or more of the stock of the party are:**

The Duchossois Group, Inc.

**4.     The name of all law firms and the partners or associates that appeared for each party now represented by me in the trial court or are expected to appear in this Court is:**

Winston & Strawn LLP:  Katherine Vidal; Aldo A. Badini; Thomas M. Melsheimer; Michael R. Rueckheim; Matthew R. McCullough; Steffen N. Johnson; and Shanna A. Lehrman.

Fish & Richardson P.C.:  Benjamin C. Elacqua; Maria Elena Stiteler; Christopher O. Green; Benjamin Thompson; Jacqueline Tio; and Karan Jhurani.

Fitch, Even, Tabin & Flannery LLP:  Nicole R. Little.

Dated: July 17, 2017                      _____ */s/ Katherine Vidal*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

STATEMENT OF FACTS ......................................................................4

    A.    On three separate occasions, including after *TC Heartland* had been argued, petitioners explicitly admitted that venue was proper. ...........4

    B.    The litigation is at a very advanced stage and is set for trial in one month—on August 21, 2017. ...............................................................5

    C.    Petitioners delayed nearly a month after *TC Heartland* was decided to file a motion to transfer, which the district court denied. ................6

STANDARD OF REVIEW ......................................................................8

ARGUMENT ..........................................................................................9

I.    Mandamus is not warranted to review the district court's discretionary determination that petitioners repeatedly waived venue, even after the grant of certiorari in *TC Heartland*. ............................................. 9

    A.    Venue is a doctrine of convenience that is waived if not timely asserted, and determining waiver is within the discretion of the trial court. ...............................................................................................9

    B.    Petitioners waived venue by waiting until the eve of trial to raise their venue defense. ..........................................................................11

    C.    Petitioners waived venue and are equitably estopped from asserting venue by their conduct in this litigation. .............................................13

    D.    The district court did not abuse its discretion in rejecting petitioners' argument that *TC Heartland* changed the law in a manner that excused petitioners' waiver. ...............................................................15

    E.    Petitioners waived venue *after TC Heartland* by failing to promptly assert the defense and by their post-*TC Heartland* conduct in the litigation..........................................................................................19

F. Petitioners have also failed to satisfy the other requirements for mandamus review....................................................................21

II. Petitioners' request for advisory and supervisory mandamus, even more extraordinary remedies, lacks merit, as their pre- and post-*TC Heartland* waivers and the late stage of the litigation confirm that this case is a poor vehicle to set a rule that would govern a broad range of similar cases........ 23

III. If the Court grants mandamus relief, it should deny petitioner's proposed relief and instead remand the case to consider the appropriate relief. ......... 27

CONCLUSION ..........................................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*,
   449 U.S. 33 (1980)..............................................................2, 8, 9, 22

*Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*,
   365 F.3d 884 (7th Cir. 2004) .......................................................13, 20

*Amax, Inc. v. ACCO Brands Corp.*,
   2017 WL 2818986 (D. Mass. June 29, 2017).............................16, 25

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011)....................................................................18, 25

*In re BP Lubricants USA Inc.*,
   637 F.3d 1307 (Fed. Cir. 2011) .........................................................21

*In re Bushkin Assoc.*,
   864 F.2d 241 (1st Cir. 1989).....................................................4, 8, 25

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
   2017 WL 2556679 (E.D. Va. June 7, 2017)...............................16, 25

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
   No. 2:15cv21, ECF No. 280 (E.D. Va.).............................................19

*Continental Bank, N.A. v. Meyer*,
   10 F.3d 1293 (7th Cir. 1993) ....................................................14, 15

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014)..................................................................18, 25

*Denver & R. G. W. R. Co. v. Bhd. of R.R. Trainmen*,
   387 U.S. 556 (1967).............................................................................9

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
   2017 WL 2651618 (E.D. Tex. June 20, 2017) ..........................16, 25

*Engel v. CBS, Inc.*,
   886 F. Supp. 728 (C.D. Cal. 1995) ...................................................18

*Fisher v. A.G. Becker Paribas Incorporation*,
  791 F.2d 691 (9th Cir. 1986) ........................................................18, 25

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957)............................................1, 7, 12, 16–18

*GenCorp, Inc. v. Olin Corp.*,
  477 F.3d 368 (6th Cir. 2007) ..............................................17

*Gucci Am., Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014) ........................................18, 25

*Hoffman v. Blaski*,
  363 U.S. 335 (1960)............................................................29

*iLife Techs., Inc. v. Nintendo of Am., Inc.*,
  2017 WL 2778006 (N.D. Tex. June 27, 2017) ..............16, 25

*Infogation Corp. v. HTC Corp.*,
  2017 WL 2869717 (S.D. Cal. July 5, 2017) ..................16, 25

*In re Innotron Diagnostics*,
  800 F.2d 1077 (Fed. Cir. 1986) ..........................8–9, 26, 27

*In re Kutrubis*,
  550 F. App'x 306 (7th Cir. 2013) ..............................................11

*Leroy v. Great W. United Corp.*,
  443 U.S. 173 (1979)..............................................................9

*Minnette v. Time Warner*,
  997 F.2d 1023 (2d Cir. 1993) ..............................................28

*Navico, Inc. v. Garmin Int'l, Inc.*,
  2017 WL 2957882 (E.D. Tex. July 11, 2017) ..............16, 25

*Riverwood Int'l Corp. v. R.A. Jones & Co., Inc.*,
  324 F.3d 1347 (Fed. Cir. 2003) ..........................................13

*In re Sea Ray Boats*,
  2017 WL 2577399 (Fed. Cir. June 9, 2017) .......... 1, 3, 8, 11, 14, 19, 20

*In re Sterling-Suarez*,
  306 F.3d 1170 (1st Cir. 2002)..............................................8

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    137 S. Ct. 1514 (2017) ................................................. 1–7, 9, 11, 12, 14–23, 25

*Teague v. Lane*,
    489 U.S. 288 (1989) ......................................................................................17

*United States v. Griesa*,
    481 F.2d 276 (2d Cir. 1973) .........................................................................26

*United States v. Ziegler Bolt & Parts Co.*,
    111 F.3d 878 (Fed. Cir. 1997) ...................................................................2, 11

*Wachovia Bank v. Schmidt*,
    546 U.S. 303 (2006) ........................................................................................9

*Westech Aerosol Corp. v. 3M Co.*,
    2017 WL 2671297 (W.D. Wa. June 21, 2017) ..........................................24, 25

*Will v. Calvert Fire Ins.*,
    437 U.S. 655 (1978) ....................................................................................8, 22

## Statutes

28 U.S.C. §§ 1391(b) ............................................................................1, 5, 11, 12

28 U.S.C. § 1400(b) ................................................... 1, 5, 7, 11, 12, 16, 27, 28

28 U.S.C. § 1404 ..............................................................................................29

28 U.S.C. § 1404(a) ....................................................................................28, 29

28 U.S.C. § 1406 ................................................... 10, 12, 19, 20, 23, 28

## Other Authorities

16 Charles Alan Wright et al., Federal Practice & Procedure § 3934.1
    (3d ed. 2007) ..................................................................................................26

Fed. R. Civ. P. 12(b)(3) ....................................................................................10

Fed. R. Civ. P. 12(h) ........................................................................................12

Fed. R. Civ. P. 12(h)(1) ...........................................................................10, 14, 23

# INTRODUCTION

Petitioners have not begun to show that this case warrants mandamus review. As the Court reiterated just weeks ago (in a case involving petitioners' own counsel), "mandamus is available only in 'exceptional' situations to correct a 'clear abuse of discretion or usurpation of judicial power' by a trial court"—i.e., where "the right to [mandamus] is 'clear and indisputable.'" *In re Sea Ray Boats*, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (citations omitted).  Facing trial in August, petitioners purport to find such a right in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), which reaffirmed earlier precedent holding that, under 28 U.S.C. § 1400(b), domestic corporations "reside" only in their State of incorporation. *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957).  But as the district court explained, petitioners' repeated waivers of venue and the advanced stage of this litigation make it especially inappropriate to apply *TC Heartland* and *Fourco*—and that conclusion certainly was not a "clear abuse of discretion."

For starters, petitioners (1) "failed to contest venue in either their Answer or Amended Answer"; (2) "did not affirmatively file a Motion to Dismiss or Transfer based on a venue objection until two months prior to trial (and four months after trial was originally scheduled to begin)"; and (3) "twice pled that 'Defendants admit that venue is proper in this district under 28 U.S.C. §§ 1391(b) and/or 1400(b)." Appx37 (quoting Appx99; Appx245-246).  Moreover, "[t]his second admission came nearly

two months after oral argument in *TC Heartland* and just four days before the Supreme Court rendered its decision."  Appx37.

Petitioners offer just one excuse for this waiver—that under this Court's then-existing precedent, contesting venue "would have been futile."  Pet. 1.  But that cannot excuse waiving a defense that was then being considered by the Supreme Court in a high-profile case.  As the district court recognized, a venue defense "was available to [petitioners] just as easily as it was to the [parties] in *TC Heartland*." Appx37-38.  And as petitioners acknowledge, even before *TC Heartland* "many parties challenged the [Federal Circuit precedent]" abrogated in *TC Heartland*.  Pet. 12. Petitioners cite this point to show futility.  In reality, it shows that they should have been *pleading and preserving* the issue, as the *TC Heartland* petitioners did.

The district court issued a correct, fact-bound ruling.  But, even if the district court *had* abused its discretion, mandamus would not be available.  Under binding Supreme Court precedent that petitioners ignore, "[w]here a matter is committed to [the district court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'"  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).  And it is well settled that "waiver [is] within the discretion of the trial court, consistent with its broad duties in managing the conduct of cases pending before it."  *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882-83 (Fed. Cir. 1997) (reviewing waiver outside the mandamus context for "abuse of discretion").

2

Furthermore, petitioners waived their venue defense by failing to promptly assert it *after* the decision in *TC Heartland*.  Instead, petitioners sat by for nearly one month—all the while continuing to be actively involved in the litigation, including by filing a reply in support of summary judgment—while awaiting this Court's decision in *Sea Ray Boats*, the other mandamus petition on this issue involving petitioners' counsel.  This post-*TC Heartland* waiver cannot be excused by an intervening change of law, and provides yet another reason why mandamus is not available.

Even beyond petitioners' pre- and post-*TC Heartland* waiver problems, this case is a particularly poor candidate for mandamus review.  As the district court explained, "there is no universe in which transferring venue in this case would further judicial economy," and that is a direct result of petitioners' active and vigorous pursuit of their defenses in that court.  Appx38.  The court went on to explain that it has held or issued "a multi-day preliminary injunction hearing, a multi-day contempt hearing," "at least twenty status conferences," "a *Markman* ruling," a decision rejecting petitioners' own "summary judgment" motion, and rulings on "dozens of other motions."  *Id.*  Further, the court "devoted a significant amount of time to review relevant materials from the United States Patent and Trademark Office, the Patent Trial and Appeal Board, and the Federal Circuit regarding the asserted patents and prior art."  *Id.*  In short, the parties and the court have actively prepared for trial,

which is set to begin in one month, and petitioners' litigation conduct confirms that mandamus is inappropriate.

Aware of this difficulty, petitioners attempt to avoid the traditional mandamus standard, arguing that the Court should exercise supervisory or advisory mandamus review—an even more extraordinary remedy. But such review is "hen's-teeth rare: it is reserved for blockbuster issues, not merely interesting ones." *In re Bushkin Assoc.*, 864 F.2d 241, 247 (1st Cir. 1989). Moreover, the factors discussed above—petitioners' waiver both pre- and post-*TC Heartland* and the late stage of the litigation, with trial set to begin in a month—confirm that the Court could not use this case to set a rule that would govern a broad range of cases with similar fact patterns. At a minimum, the Court should look for a case in which the defendants preserved a venue defense in their answer and did not delay filing a motion to transfer for weeks after *TC Heartland*, filing it only on the eve of trial. The district court's fact-bound ruling makes it a poor vehicle to establish a broader rule of law on these issues.

The petition for mandamus review should be denied.

## STATEMENT OF FACTS

### A.    On three separate occasions, including after *TC Heartland* had been argued, petitioners explicitly admitted that venue was proper.

On no fewer than three occasions spanning a year, petitioners explicitly acknowledged that venue was proper in the court below. First, in their Answer filed

4

July 5, 2016, petitioners stated: "Defendants admit that venue is proper in this district under 28 U.S.C. §§ 1391(b) and/or 1400(b)." Appx99. Second, in their Statement of Material Facts filed in support of a motion for summary judgment on May 10, 2017, petitioners stated: "Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400." Appx237, ¶ 28. Finally, in their Amended Answer filed May 18, 2017, petitioners again stated: "Defendants admit that venue is proper in this district under 28 U.S.C. §§ 1391(b) and/or 1400(b)." Appx245-246, ¶ 24.

Notably, the May 10 and 18, 2017, admissions occurred just weeks ago—five months after the Supreme Court granted certiorari in *TC Heartland* (on December 14, 2016), and nearly two months after the Court held oral argument in that case (on March 27, 2017). Thus, petitioners were, or should have been, aware of the venue argument being advanced by the *TC Heartland* petitioners, but kept admitting that venue was proper without making any attempt to preserve a venue challenge based on the Supreme Court's imminent decision.

### B. The litigation is at a very advanced stage and is set for trial in one month—on August 21, 2017.

Meanwhile, the litigation proceeded apace and the parties and the district court prepared for trial. Plaintiff filed its complaint on June 10, 2016. Appx63-91. Since then:

- The district court held a three-day preliminary injunction hearing with live witness testimony from both fact and expert witnesses. Appx199 (ECF Nos. 92-94).

5

- The district court held a two-day hearing, again with both fact and expert witnesses testifying live, regarding a motion to enforce the preliminary injunction motion. Appx211 (ECF Nos. 240, 260).

- The parties briefed claim construction, and the district court issued its claim construction order. Appx204, Appx206, Appx207, Appx214-216, Appx219 (ECF Nos. 151, 172, 188, 285, 286, 300, 339).

- Petitioners filed, the parties briefed, and the district court decided a summary judgment motion. Appx221, Appx224 (ECF Nos. 354, 396-397).

- Petitioners filed, the parties briefed, and the district court decided two motions for leave to amend petitioners' answer to assert new defenses and counterclaims (but not a venue defense). Appx205, Appx207, Appx211-214, Appx217-218 (ECF Nos. 154, 196, 241-242, 258, 272, 282, 308, 315, 321-322).

- Petitioners filed, the parties briefed, and the district court decided a motion for leave to assert new prior art defenses. Appx220, Appx223 (ECF Nos. 345, 391). After that was denied, petitioners filed and the district court decided petitioners' motion for reconsideration. Appx224-225 (ECF No. 403, 404, 406).

- The district court has resolved "dozens of other motions," held "at least twenty status conferences," and "reviewed relevant materials" from the PTAB regarding prior art and petitioners' IPR petitions. Appx38.

Expert discovery will be completed in four days, and the case is scheduled for trial on August 21, 2017—a date that has twice been delayed. *Id.*; *see also* Appx323-326.

## C. Petitioners delayed nearly a month after *TC Heartland* was decided to file a motion to transfer, which the district court denied.

The Supreme Court decided *TC Heartland* on May 22, 2017. Yet petitioners, whose attorneys had already filed a similar motion in another case immediately after *TC Heartland* was decided, delayed nearly a month—until June 19, 2017—to move

to transfer.  Appx145-47.  The district court orally denied the motion at a June 22, 2017, hearing.  On June 28, 2017, the court issued a thoughtful opinion and order explaining its decision.  Appx36-39.

The court found that petitioners had waived any venue objection, explaining that they "failed to contest venue in either their Answer or Amended Answer and did not affirmatively file a Motion to Dismiss or Transfer based on a venue objection until two months prior to trial (and four months after trial was originally scheduled to begin)."  Appx37.  The court also noted that petitioners' most recent admission that venue was proper "came nearly two months after oral argument in *TC Heartland* and just four days before the Supreme Court rendered its decision."  *Id.*

The court also stated that it agreed with two other district courts in "finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."  Appx38.  Noting that "the Supreme Court in *TC Heartland* pulled no punches in reminding litigants that 'Congress has not amended § 1400(b) since this Court construed it in *Fourco*,'" the court distinguished "the cases Moving Defendants cite," which "recognize[d] an intervening change in venue law based on a direct amendment to the applicable venue statute."  *Id.* (citations omitted).  Finally, citing the host of motions it had resolved, "multi-day" hearings it had held, various orders it had issued, IPR filings it had reviewed, and prior appeal

with which it was familiar, the court held that "there is no universe in which transferring venue in this case would further judicial economy." *Id.*

Five days after receiving the district court's order, petitioners filed the instant Petition.

## STANDARD OF REVIEW

A writ of mandamus is an extraordinary remedy available only in exceptional circumstances amounting to a "'clear abuse of discretion or usurpation of judicial power' by a trial court," such that "the right to issuance of the writ is 'clear and indisputable.'" *Sea Ray Boats*, 2017 WL 2577399, at *1 (quoting *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978)). Under binding Supreme Court precedent, "[w]here a matter is committed to [the district court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). Petitioners must also show that they have "no 'adequate alternative' to obtain the same relief." *Sea Ray Boats*, 2017 WL 2577399, at *1 (citation omitted).

Advisory and supervisory mandamus are even more extraordinary remedies. "The occasions for employing advisory mandamus are and should remain extremely rare." *In re Sterling-Suarez*, 306 F.3d 1170, 1172 (1st Cir. 2002). "[P]roper occasions for employing advisory mandamus are hen's-teeth rare: it is reserved for blockbuster issues, not merely interesting ones." *In re Bushkin Assoc.*, 864 F.2d 241, 247

8

(1st Cir. 1989). And the "proper circumstances" for supervisory mandamus are limited to "those and only those, [circumstances] in which the patent jurisprudence of this court plays a significant role." *In re Innotron Diagnostics*, 800 F.2d 1077, 1083-84 (Fed. Cir. 1986). This Court has specifically disavowed supervisory authority over "those [petitions] that arise in all types of cases, but do not directly implicate the patent or Little Tucker Act doctrinal jurisprudence of this court (e.g., disqualification of counsel)." *Id.* at 1082.

## ARGUMENT

I.  **Mandamus is not warranted to review the district court's discretionary determination that petitioners repeatedly waived venue, even after the grant of certiorari in *TC Heartland*.**

The district court's determination that petitioners repeatedly waived any challenge to venue was not an abuse of discretion, let alone clearly so. But even if it were, that would not warrant mandamus review, as "it cannot be said that a litigant's right to a particular result is 'clear and indisputable'" where, as with waiver rulings, "a matter is committed to [the district court's] discretion." *Daiflon*, 449 U.S. at 36.

A.  **Venue is a doctrine of convenience that is waived if not timely asserted, and determining waiver is within the discretion of the trial court.**

The doctrine of venue "is primarily a matter of convenience of litigants and witnesses." *Denver & R. G. W. R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). Accordingly,

9

the Supreme Court has held that venue may be waived, explaining: "[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).

Venue is intrinsically an early-case doctrine. Once a case proceeds beyond the pleadings stage, there is little, if any, cause to reconsider venue—and there are many reasons not to. After all, a late-in-the-case venue challenge is disruptive: It potentially multiplies litigation costs and the need for a separate judge in a separate district to replicate the familiarity already developed in the first forum.

For that reason, the requirement to raise venue objections on a timely basis has long been rigorously enforced. Indeed, the Federal Rules of Civil Procedure and Congress's venue provisions both speak to this issue. Under Rule 12, an improper venue defense is waived unless the defendant asserts it in either a Rule 12 motion or the permitted responsive pleading (the answer). Fed. R. Civ. P. 12(h)(1), 12(b)(3). And this is just the beginning of what a party must do to preserve a venue defense. By statute, the party's venue objection must also be made in a "timely and sufficient objection," or the court will retain jurisdiction. 28 U.S.C. § 1406.

This Court has confirmed that the determination of whether a party has waived a venue defense rests firmly within the discretion of the trial court, and is reviewed only for abuse of discretion:

> This court places waiver within the discretion of the trial court, consistent with its broad duties in managing the conduct of cases pending before it.  On appeal, this court defers to the judgment of the trial court on such matters closely associated with the standard functions of the adjudicative process, so long as that judgment is not an abuse of the trial court's discretion.  Accordingly, this court reviews the trial court's decision on the waiver issue for an abuse of discretion.

*Ziegler Bolt*, 111 F.3d at 882-83.  Seventh Circuit precedent is to the same effect.  *In re Kutrubis*, 550 F. App'x 306, 308 (7th Cir. 2013) ("We review the district court's waiver determination for an abuse of discretion.").

Although *TC Heartland* addressed the proper venue for certain defendants in patent cases, nothing therein changed the fundamental nature of venue as a convenience doctrine designed to preserve judicial and party resources, or as a defense that continues to be waived when a party fails to promptly and sufficiently assert it.

### B.    Petitioners waived venue by waiting until the eve of trial to raise their venue defense.

The district court plainly did not commit a "'clear abuse of discretion or usurpation of judicial power'" in finding waiver here.  *Sea Ray Boats*, 2017 WL 2577399, at *1.   As the court recognized—and petitioners admit (Pet. 11)—petitioners (1) "failed to contest venue in either their Answer or Amended Answer"; (2) "did not affirmatively file a Motion to Dismiss or Transfer based on a venue objection

until two months prior to trial (and four months after trial was originally scheduled to begin)"; and (3) "twice pled that 'Defendants admit that venue is proper in this district under 28 U.S.C. §§ 1391(b) and/or 1400(b).'"  Appx37 (quoting Appx99; Appx245-246); *see also* Appx99, Appx237 ¶ 28, and Appx245-246 ¶ 24 (petitioners explicitly admitting three times that venue was proper).

Petitioners' only purported justification for their waiver is that *TC Heartland* changed the law—a point we address below.  But as the district court noted, petitioners' later admissions came not only after the grant of certiorari in that case, but "nearly two months after oral argument … and just four days before the Supreme Court rendered its decision."  Appx37.  Petitioners do not (and cannot) explain why they kept affirmatively "admit[ing] that venue is proper in this district under 28 U.S.C. §§ 1391(b) and/or 1400(b)" when the Supreme Court was considering that very issue.  Further, even assuming that *TC Heartland* changed the law, petitioners delayed nearly a month (from May 22 to June 19), until trial was just two months away, to file their first motion to transfer.  Appx145-47, Appx323-326.  Under these circumstances, petitioners have plainly failed to comply with Rule 12(h), or to make a "timely and sufficient objection" as required by 28 U.S.C. § 1406.

At a bare minimum, the district court did not abuse its discretion in so concluding.  As the court correctly noted, "[t]he conflict between *Fourco* and *VE Holding* was a defense that was available to Moving Defendants just as easily as it was

to the plaintiff in *TC Heartland*." Appx37-38.   Moreover, petitioners themselves note that "many parties challenged the *VE Holding* decision" abrogated in *TC Heart-land* on the grounds that it conflicted with *Fourco*.   Pet. 12.   In short, a responsible party would have pleaded a venue defense based on *Fourco* if it ever intended to rely on such a defense, but petitioners failed to do so here.   Thus, the district court did not abuse its discretion in concluding that petitioners waived venue, and the court's fact-bound ruling presents no issue warranting mandamus review.

### C.   Petitioners waived venue and are equitably estopped from asserting venue by their conduct in this litigation.

Denial of mandamus review is also warranted on the ground that, quite apart from the Federal Rules and venue statutes, petitioners' conduct in the litigation precludes them from raising a venue defense.

In the Seventh Circuit, a party's litigation conduct can result in waiver of an improper venue defense, or equitably estop the defendant from asserting such a defense.[1]   The following types of conduct can bar a venue challenge under these cases:

> If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver

---

[1] As a procedural issue not unique to patent law, regional circuit law governs waiver. *See, e.g.*, *Riverwood Int'l Corp. v. R.A. Jones & Co., Inc.*, 324 F.3d 1347, 1352 (Fed. Cir. 2003) ("we apply the law of the regional circuit to the procedural question of waiver").

> or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue.

*Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 365 F.3d 884, 887-88 (7th Cir. 2004). Petitioners have committed every single one of these actions.

For example, on three separate occasions, petitioners explicitly told plaintiff and the court that venue was proper. Appx99, Appx237 ¶ 28, and Appx245-246 ¶ 24. Further, petitioners conducted discovery and various motions and led the district court to become so involved in the case that it concluded "there is no universe in which transferring venue in this case would further judicial economy." Appx38. And finally, petitioners stalled in pleading, waiting not only until after *TC Heartland*, but then another month, to see which way the wind was blowing at this Court in *Sea Ray Boats*, before finally asserting a venue defense on the eve of trial.

This is exactly the kind of conduct that the Seventh Circuit has held to constitute waiver. For example, in *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293 (7th Cir. 1993), the Seventh Circuit noted that all the privileged defenses of Rule 12(h)(1) (personal jurisdiction, venue, insufficient process, insufficient service of process) "may be waived by . . . submission through conduct.'" *Id.* at 1297. It then affirmed a finding that a personal jurisdiction defense had been waived—even where, unlike here, the defense *had been* properly pleaded in the answer—when a party participated substantially in the litigation without pursuing the defense:

> Here, the defendants fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction. They participated in lengthy discovery, filed various motions and opposed a number of motions filed by the bank. . . . The district court could properly conclude that the defendants' delay in urging this threshold issue manifests an intent to submit to the court's jurisdiction.

*Id.* at 1297. So too here. Petitioners have fully participated in the litigation without contesting venue, and they have filed and opposed numerous motions, including filing a motion for summary judgment of non-infringement (Appx221 (ECF No. 354)), two motions for leave to amend to assert inequitable conduct and antitrust counterclaims (Appx205, Appx212 (ECF Nos. 154, 258)), and a motion for leave to assert new prior art defenses, which after being denied was followed by petitioner filing a motion for reconsideration (Appx221, Appx224 (ECF Nos. 345, 403)). Thus, petitioners have likewise submitted through their conduct to have their case decided in the Northern District of Illinois, and are thereby barred from asserting any venue defense.

### D. The district court did not abuse its discretion in rejecting petitioners' argument that *TC Heartland* changed the law in a manner that excused petitioners' waiver.

As noted, petitioners' only excuse for their clear waiver of the venue defense is that *TC Heartland* purportedly represents an intervening change of law. But as we have explained, and as the district court noted (Appx37), petitioners explicitly and affirmatively waived venue even *after* it was clear that *TC Heartland* could potentially abrogate Federal Circuit precedent on this issue, including just four days

before the Supreme Court's decision issued.  And regardless, the district court did not abuse its discretion in concluding that "*TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."  Appx38.

In particular, the district court correctly noted that "the Supreme Court in *TC Heartland* pulled no punches in reminding litigants that 'Congress has not amended § 1400(b) since this Court construed it in *Fourco*.'"  *Id.* (quoting *TC Heartland*, 137 S. Ct. at 1517).  Thus, this was a situation involving a directly on-point Supreme Court decision interpreting the very same statutory language, not one in which the Court was writing on a blank slate or analogizing to some other area of law.  And as the district court also noted, "[o]nly the Supreme Court can overrule its own precedents."  Appx37-38.

Not surprisingly, a host of other courts have likewise held that *TC Heartland* did not effect an intervening change of law that excuses waiver of a venue defense. *See Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017); *Amax, Inc. v. ACCO Brands Corp.*, 2017 WL 2818986, at *3 (D. Mass. June 29, 2017); *Infogation Corp. v. HTC Corp.*, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017); and *Navico, Inc. v. Garmin Int'l, Inc.*, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017).  Notably,

several of these courts so held even where defendants had at least attempted to pre-serve a venue defense in their answer. *Cobalt Boats*, 2017 WL 2651618, at *4; *Elbit Sys.*, 2017 WL 2651618, at *19; *Amax*, 2017 WL 2818986, at *2; *Infogation*, 2017 WL 2869717, at *2. This is a much stronger case for finding waiver. But at a min-imum, the case law confirms that the district court acted well within its discretion in finding waiver under the fact-bound circumstances of this case.

Petitioners' own case explains precisely why *TC Heartland* does not fit within the intervening change in law exception. As the petition notes, "[t]he intervening-change-in-law exception to our normal waiver rules . . . exists to protect those who, despite due diligence, fail to prophesy a reversal of established adverse precedent." Pet. 18 (quoting *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 374 (6th Cir. 2007)). *TC Heartland* was not an unpredictable outcome that no one could have foreseen; it was entirely predictable that the Supreme Court could re-affirm its own precedent, particularly given that no party had asked it to reconsider that precedent and Con-gress had made no changes to the governing statute. Appx38 (quoting *TC Heart-land*, 137 S. Ct. at 1517). And that was certainly so after the grant of certiorari. Petitioners' argument that other parties had been unsuccessful in challenging *VE Holdings* at the Supreme Court should not have deterred them from preserving a *Fourco* challenge because, "[a]s [the Supreme Court] ha[s] often stated, the 'denial

of a writ of certiorari imports no expression of opinion upon the merits of the case.'"

*Teague v. Lane*, 489 U.S. 288, 296 (1989).

None of petitioners' cases suggests that *TC Heartland* excuses petitioners' clear waiver here. In particular, none of them addresses a situation where, as here, a defense was available to a party based on both an existing statute and an existing Supreme Court opinion interpreting that statute, but the party chose not to rely on that defense, based on contrary circuit court precedent, and then sought to excuse its waiver based on a later Supreme Court decision reaffirming its earlier interpretation of the statute. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 129 (2d Cir. 2014); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011); and *Fisher v. A.G. Becker Paribas Incorporation*, 791 F.2d 691, 693 (9th Cir. 1986). Instead, the Supreme Court rulings in these cases announced new rules that were previously unavailable for litigants to invoke. Thus, those cases are inapposite.

Petitioners also rely on a district court case, *Engel v. CBS, Inc.*, 886 F. Supp. 728, 729 (C.D. Cal. 1995). But as the district court correctly explained, *Engel* dealt with "an intervening change in venue law based on a direct *amendment to the applicable venue statute*," not an intervening court decision reaffirming its earlier reading of the same statute. Appx38 (emphasis in original). Petitioners say this distinction is of no moment. Pet. 18. But in reality, it is critical. The venue statute that governs

here has not been amended by Congress since *Fourco*. Thus, as the district court noted, petitioners could have relied on *Fourco*, just as the *TC Heartland* defendants did.

### E. Petitioners waived venue *after TC Heartland* by failing to promptly assert the defense and by their post-*TC Heartland* conduct in the litigation.

Petitioners also waived their venue objection *after* the decision *TC Heartland*, by waiting a month—until after their counsel's other petition in *Sea Ray Boats* was decided, and during which time petitioners continued to vigorously pursue their defenses—before finally asserting that defense. Because this waiver occurred after *TC Heartland*, petitioner's intervening change of law theory cannot excuse *this* waiver. Thus, for this reason too, petitioners cannot demonstrate a "clear and indisputable" right to mandamus under these facts. *Sea Ray Boats*, 2017 WL 2577399, at *1.

Specifically, although the Supreme Court's *TC Heartland* decision issued on May 22, 2017, petitioners did not assert a venue defense until almost a month later— on June 19, 2017. Appx145-47. Thus, petitioners failed to make a "timely and sufficient objection" to venue *after* the decision in *TC Heartland*, and have therefore waived the venue defense. 28 U.S.C. § 1406.

Petitioners certainly could have asserted their venue defense earlier. Indeed, petitioners' own counsel made a prompt venue challenge in *Sea Ray Boats*. There,

defendants filed a motion to transfer on May 30, 2017, just eight days after *TC Heart-land*. *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, ECF No. 280 (E.D. Va.). After the district court denied that motion on June 7, 2017, Sea Ray Boats filed its mandamus petition just two days later on June 9, 2017. *Sea Ray Boats*, 2017 WL 2577399, at *1.

Petitioners offer no explanation as to why they waited until June 19, 2017— several weeks after the motion to transfer in *Sea Ray Boats* was filed—before filing their motion to transfer here. This delay is inexcusable, and certainly not the "timely and sufficient objection" required by the statute. 28 U.S.C. § 1406. Indeed, it appears that petitioners may have "stall[ed] in pleading improper venue because [they] want[ed] to find out which way the wind is blowing" at this Court in the *Sea Ray Boats* mandamus petition. *Am. Patriot*, 365 F.3d at 887-88.

Specifically, petitioners continued to fully pursue the case, "mislead[ing] . . . the court into becoming [even further] involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum." *Id.* After *TC Heartland* was decided but before filing their motion to transfer, petitioners filed a reply in support of their motion for summary judgment (Appx300-311), which compelled the Court to thoroughly consider and issue an order on that motion (Appx224 (ECF Nos. 396-397)). (Notably, this was the very same summary judgment motion in which petitioners had filed a Statement of Material Facts admitting that "Venue

is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400." Appx237 ¶ 28.)

That reply—filed after *TC Heartland*—gave no sign that petitioners were abandoning the admission about venue that had been filed with the original motion. Appx300-311.

Other actions in which petitioners engaged after *TC Heartland*, but before filing their motion to transfer, include attending two motion hearings (Appx222-223, (ECF Nos. 378, 391)), entering a new attorney appearance (Appx223 (ECF No. 390)), filing a motion to seal (Appx223 (ECF No. 369)), serving two sets of discovery (Appx312-317, Appx318-322) and submitting expert reports on the invalidity defense and antitrust counterclaims that they intend to put on at trial. This course of conduct further confirms that petitioners, perhaps hoping to prevail below on other grounds, waived their venue defense *after TC Heartland*. For that reason too, mandamus should be denied.

## F.  Petitioners have also failed to satisfy the other requirements for mandamus review.

Furthermore, petitioners have failed to demonstrate that they have no adequate alternative to obtain the same relief. Petitioners say that they have no adequate remedy on appeal for a trial in the wrong venue, and suggest that because the Supreme Court granted relief in *TC Heartland*, mandamus is proper in any case challenging venue. Pet. 20-22. Not so.

Both this Court and the Supreme Court have held that the mere occasion of an improper trial does not justify granting mandamus.  As this Court has explained, "[n]ot all circumstances in which a defendant will be forced to undergo the cost of discovery and trial warrant mandamus.  To issue a writ solely for those reasons would clearly undermine the rare nature of its form of relief and make a large class of interlocutory orders routinely reviewable." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1313 (Fed. Cir. 2011).  Likewise, the Supreme Court has held that "[a] trial court's ordering of a new trial rarely, if ever, will justify the issuance of a writ of mandamus. . . . A litigant is free to seek review of the propriety of such an order on direct appeal after a final judgment has been entered." *Allied Chem.*, 449 U.S. at 36.  Petitioners offer no basis for concluding that a single trial in an incorrect venue (particularly when, as here, the case is ready for trial) is somehow meaningfully different from an improperly-ordered new trial.  Both are reviewable on appeal, and both therefore fail to justify mandamus relief.

* * * * *

In sum, petitioners have failed to show a "clear and indisputable" right to mandamus relief—as required by binding Supreme Court precedent. *Will*, 437 U.S. at 666.  Petitioners repeatedly and explicitly waived any venue defense—even when a decision in *TC Heartland* was imminent—and in the meantime the litigation has advanced through many stages, with trial now just a month away.  The district court

22

certainly did not clearly abuse its discretion in so holding. Indeed, the mere fact that the waiver question rests within the district court's discretion confirms that a petitioner cannot show a "clear and indisputable" right. *Allied Chem.*, 449 U.S. at 36. Moreover, petitioners have an adequate remedy in that they can appeal after trial. For all these reasons, petitioners have failed to justify mandamus review of the district court's fact-bound decision in this case.

## II. Petitioners' request for advisory and supervisory mandamus, even more extraordinary remedies, lacks merit, as their pre- and post-*TC Heartland* waivers and the late stage of the litigation confirm that this case is a poor vehicle to set a rule that would govern a broad range of similar cases.

Unable to satisfy the traditional mandamus standard, petitioners resort to asking for "supervisory" or "advisory mandamus." Pet. 24-30. But those are even more extraordinary remedies, and several factors—including not only petitioners' waiver problems (both pre- and post-*TC Heartland*), but also the advanced stage of the litigation as a direct result of petitioners' active litigation conduct and vigorous pursuit of their defenses—preclude petitioners from meeting the high burden of justifying them. Indeed, the unusual facts of this case make it an especially poor vehicle for establishing a broader rule to govern similar fact patterns.

This case is a particularly poor vehicle for resolving broader issues concerning "whether *TC Heartland* constitutes an intervening change in the law that excuses the waiver of venue objections in pending cases," as petitioners request. Pet. 26. For starters, waiver is an inherently fact-bound determination made in the district court's

discretion, and it is inherently inappropriate for global, advisory mandamus relief. There are many types of waiver (*e.g.*, waiver by failing to follow Rule 12(h)(1), by failing to make a "timely and sufficient objection" per 28 U.S.C. § 1406, waiver/equitable estoppel because of litigation conduct), and the facts here would not allow the Court to fashion an opinion governing waiver in any significant number of cases. A more appropriate vehicle would likely involve a fact pattern where the petitioner preserved venue as a defense in its answer and where the first motion to transfer was not made on the eve of trial, after extensive discovery and motion practice.

As noted above, the district court here has (among other things) held or issued "a multi-day preliminary injunction hearing, a multi-day contempt hearing," "at least twenty status conferences," "a *Markman* ruling," "a summary judgment" decision, and rulings on "dozens of other motions." Appx38. The extensive progress of this case is a direct result of petitioners' active litigation conduct, including their dogged pursuit of their defenses and counterclaims. For example, petitioners filed a motion for summary judgment of non-infringement (Appx221 (ECF No. 354)), two motions for leave to amend to assert inequitable conduct and federal and state antitrust counterclaims (Appx205, Appx212 (ECF Nos. 154, 258)), and a motion for leave to assert new prior art defenses, which after being denied was followed by a motion for reconsideration (Appx221, Appx224 (ECF Nos. 345, 403)). Not surprisingly, the court concluded that "there is no universe in which transferring venue in this case

would further judicial economy." Appx38. That conclusion cuts strongly against both advisory and supervisory mandamus review, as more typical cases will not be so far down the litigation pipeline.

Petitioners attempt to justify their request by suggesting that there is a split in the lower courts. Pet. 26-27. In support, however, they only cite one decision authorizing a party to plead a venue defense even though it had been omitted from their original Rule 12 motion: *Westech Aerosol Corp. v. 3M Co.*, 2017 WL 2671297, at *2 (W.D. Wa. June 21, 2017). Moreover, petitioners entirely omit the context of that decision. The defendant there asked to amend their Rule 12 motion to dismiss *while it was still pending* and before answering. *Id.* at *1. Moreover, it was not on the eve of trial, or even after extensive discovery and pre-trial motion practice, as here. Indeed, this is precisely what separates it from the six cases discussed above, holding that *TC Heartland* did not excuse a party's waiver late in the case after significant action by the parties. *Cobalt Boats*, 2017 WL 2556679, at *3; *Elbit Sys.*, 2017 WL 2651618, at *20; *iLife*, 2017 WL 2778006, at *7; *Amax*, 2017 WL 2818986, at *3; *Infogation*, 2017 WL 2869717, at *4; and *Navico*, 2017 WL 2957882, at *2. Rather than supporting petitioners' argument for advisory mandamus, this decision confirms that waiver is an inherently fact-bound issue that is not appropriate for advisory or supervisory mandamus.

As the First Circuit has noted, the "proper occasions for employing advisory mandamus are hen's-teeth rare; it is reserved for blockbuster issues, not merely interesting ones." *Bushkin*, 864 F.2d at 247. Whether an intervening change in law excuses waiver is not a blockbuster issue, or hen's teeth rare, as confirmed by petitioners' own citations to many non-patent cases addressing the issue of intervening changes of law. Pet. 13-17 (citing *Daimler* and *Gucci Am.* (personal jurisdiction), and *AT&T Mobility* and *Fisher* (arbitration), as well as numerous district court cases applying those decisions).

Similarly, supervisory mandamus is very limited and, as the petition itself alleges, directed at the "correction of established bad habits." Pet. 24 (quoting 16 Charles Alan Wright et al., Federal Practice & Procedure § 3934.1 (3d ed. 2007)). "[S]upervisory mandamus is particularly ill-suited as a method of policing district court decisions that turn on issues of fact." *United States v. Griesa*, 481 F.2d 276, 278 n.2 (2d Cir. 1973). The petition fails to show that there is any "established" bad habit in need of correction, precisely because the issue of waiver inherently turns on fact-specific issues and thus varies between cases depending on the conduct of the party before the Court. Waiver simply does not lend itself to the sort of "established" practices for which supervisory mandamus is appropriate.

Additionally, the petition itself identifies the very reason why supervisory mandamus is not appropriate here:

26

> In *Innotron*, this Court indicated that it would limit its exercise of the supervisory writ of mandamus to circumstances "in which the patent jurisprudence of this court plays a significant role." 800 F.2d at 1083-84 ("[T]he 'proper circumstances' warranting entertainment by this court of petitions for writs to a district court in a patent case are those, and only those, in which the patent jurisprudence of this court plays a significant role.").

Pet. 29 (quoting *In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986)). The question whether an intervening change in law excuses waiver is not one in which the exclusive patent jurisprudence of this Court plays any role. *Innotron*, 800 F.2d at 1083-84. Indeed, this issue is one that "arise[s] in all types of cases"—as confirmed by petitioners' citation to non-patent cases addressing intervening changes of law (Pet. 13-17, citing, *e.g.*, personal jurisdiction and arbitration cases)—"but do[es] not directly implicate the patent or Little Tucker Act doctrinal jurisprudence of [the Federal Circuit]," a category of mandamus petition that this Court has explicitly disavowed as not being in aid of the jurisdiction of this Court. *Id.* at 1082.

## III. If the Court grants mandamus relief, it should deny petitioner's proposed relief and instead remand the case to consider the appropriate relief.

Even if mandamus review were available (and it is not), petitioners' specific requested relief would not be warranted. Petitioners request a drastic remedy—that this Court direct the district court to "dismiss the case or, alternatively, transfer the case to the District of South Carolina, a district in which this case could have been brought." Pet. 1. Even if mandamus were warranted, that relief would not be proper.

First, in their motion below, petitioners requested only a *transfer* from the district court, and they specifically stated that "Defendants believe transfer is the more appropriate option [as between transfer and dismissal] in this case." Appx152.

Second, and in any event, the correct remedy is neither dismissal nor transfer, but a remand for jurisdictional discovery and briefing regarding whether venue is proper under § 1400(b). The district court made no factual findings on this issue, and respondent was not given an opportunity to brief the issue or request jurisdictional discovery. Respondent has discovered evidence suggesting that at least one petitioner is associated with an address in the Northern District of Illinois. [Appx327-329]. Respondent should therefore be permitted to seek discovery regarding at least this address and to brief whether venue may be proper under 28 U.S.C. § 1400(b). Thus, if this Court grants mandamus relief, it should remand the case for jurisdictional discovery and further briefing.

Additionally, if there is another district in which an action could have been brought, then transfer is preferred to dismissal. *Minnette v. Time Warner*, 997 F.2d 1023, 1026-27 (2d Cir. 1993). The petition alleges that each petitioner resides in Delaware. Thus, the case could have been brought in the District of Delaware, and dismissal would be improper for that reason too.

Moreover, the Court cannot transfer the case to the District of South Carolina, because it is not a "district or division in which [the action] could have been

brought," as required by 28 U.S.C. § 1406.  The petition never establishes that venue would be proper in the District of South Carolina for Techtronic Industries North America, Inc.  Indeed, the petition seems to concede that venue would be improper, alleging only that Techtronic Industries North America, Inc. would consent to such a transfer.  Pet. 7.  But consent is insufficient as a matter of law.  The Supreme Court, when interpreting similar language in 28 U.S.C. § 1404(a), has expressly concluded that consent is insufficient:

> But the power of a District Court under § 1404 (a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff.

> The thesis urged by petitioners would not only do violence to the plain words of § 1404 (a), but would also inject gross discrimination. That thesis, if adopted, would empower a District Court, upon a finding of convenience, to transfer an action to any district desired by the defendants and in which they were willing to waive their statutory defenses as to venue and jurisdiction over their persons, regardless of the fact that such transferee district was not one in which the action "might have been brought" by the plaintiff. Conversely, that thesis would not permit the court, upon motion of the plaintiffs and a like showing of convenience, to transfer the action to the same district, without the consent and waiver of venue and personal jurisdiction defenses by the defendants. Nothing in § 1404 (a), or in its legislative history, suggests such a unilateral objective and we should not, under the guise of interpretation, ascribe to Congress any such discriminatory purpose.

*Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  Thus, the District of South Carolina is not a district in which respondent could have brought suit, and therefore the Court cannot order transfer to that district.

Furthermore, the Court cannot transfer the entire case. The mere fact that the foreign defendants could potentially be transferred under 28 U.S.C. § 1404 is of no relevance here, as petitioners have not argued—either below or in this Court—that the convenience and interests of justice factors in § 1404 have been satisfied. Thus, if this Court were to grant relief it would have to be specific to any petitioners for whom venue is improper, but not the entire case. Accordingly, the outer limits of the relief that this Court could grant would be to direct the district court to sever the petitioners and transfer their case only to the District of Delaware—the only district that the petition establishes as one where the case "could have been brought."

## CONCLUSION

Petitioners' petition for a writ of mandamus should be denied.

Respectfully submitted,

/s/ Katherine Vidal

STEFFEN N. JOHNSON
*Winston & Strawn LLP*
*1700 K Street, N.W.*
*Washington, DC 20006*
*(202) 282-5000*
*sjohnson@winston.com*

BENJAMIN C. ELACQUA
*Fish & Richardson, P.C.*
*1221 McKinney Street*
*Suite 2800*
*Houston, TX 77010*
*(713) 654-5300*
*elacqua@fr.com*

MARIA ELENA STITELER
*Fish & Richardson, P.C.*
*3200 RBC Plaza, 60th South Sixth Street*
*Minneapolis, MN 55402*
*(612) 335-5070*
*stiteler@fr.com*

KATHERINE VIDAL
MICHAEL R. RUECKHEIM
*Winston & Strawn LLP*
*275 Middlefield Road*
*Suite 205*
*Menlo Park, CA 94025*
*(650) 858-6500*
*kvidal@winston.com*
*mrueckheim@winston.com*

JULY 17, 2017

*Counsel for Respondent The Chamberlain Group, Inc.*

31

## CERTIFICATE OF SERVICE

I certify that on July 17, 2017, I electronically filed the foregoing **RE-SPONDENT THE CHAMBERLAIN GROUP INC.'S BRIEF IN OPPOSI-TION TO PETITION FOR WRIT OF MANDAMUS** using the Court's CM/ECF filing system. Counsel for petitioners were electronically served by and through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(a) and 25(b).

*/s/ Katherine Vidal*
Katherine Vidal

# CERTIFICATE OF COMPLIANCE

Respondent The Chamberlain Group Inc.'s Brief In Opposition To Petition For Writ Of Mandamus is submitted in accordance with the type-volume limitations of Rule 32(a)(7)(B)(i) of the Federal Circuit Rules of Appellate Procedure. This brief contains 7,587 words.


*/s/ Katherine Vidal*
Katherine Vidal