NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

In re: **TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., OWT INDUSTRIES, INC., RYOBI TECHNOLOGIES, INC.,**
*Petitioners*

---

2017-125

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Illinois in No. 1:16-cv-06097, Senior Judge Harry D. Leinenweber.

---

**ON PETITION**

---

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

### O R D E R

Techtronic Industries North America, Inc., One World Technologies Inc., OWT Industries, Inc., and Ryobi Technologies, Inc. ("Techtronic") petition for a writ of mandamus to direct the United States District Court for the Northern District of Illinois to transfer this case to the United States District Court for the District of South

Carolina or, alternatively, to dismiss. The Chamberlain Group, Inc. opposes the petition. Techtronic replies.

This petition stems from a suit filed by Chamberlain in the Northern District of Illinois accusing Techtronic of patent infringement. Trial is scheduled to begin on August 21, 2017. On June 19, 2017, Techtronic moved the district court to transfer or dismiss the case for improper venue. Techtronic argued, inter alia, that they did not "reside" in the district, as required under 28 U.S.C. § 1400(b) and as interpreted by the Supreme Court of the United States in *TC Heartland LLC v. Kraft Foods Group Brands* LLC, No. 16-241, __ US __ (2017), which had issued 28 days prior to the filing of their venue motion.

On June 28, 2017, the district court denied the motion, finding that "the Moving Defendants cannot overcome waiver by invoking *TC Heartland*." The court noted that Techtronic waited to contest venue until close to two months before trial and, in fact, had twice admitted that venue was proper in its pleadings to the court, including "an admission" that "came nearly two months after oral argument in *TC Heartland*." The district court further stated that the argument that ultimately succeeded in the Supreme Court was available to Techtronic "just as easily as it was to the plaintiff in *TC Heartland*."

A party seeking a writ bears the heavy burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). And even when those requirements are met, the court must still be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004).

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied without prejudice to Techtronic raising its venue arguments on appeal after issuance of a final judgment in the case.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s25